**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

FRANK M. NEFF                              :

     Plaintiff                        :

v                                         :        Civil Action No. RDB-06-406
                                                   (Consolidated Case: RDB-06-680)
WARDEN, *et al.*                           :

     Defendants                     :
                                        o0o
## MEMORANDUM OPINION

Pending in the above-captioned civil rights case is Defendants' Motion to Dismiss or for Summary Judgment. Paper No. 25. Plaintiff has filed a Response in Opposition. Paper No. 30. Upon review of the papers filed, the Court finds a hearing in this matter to be unnecessary. Local Rule 105.6. For the reasons set forth below, Defendants' Motion, construed as a Motion for Summary Judgment, shall be granted.

### Background

Plaintiff's Complaint, liberally construed, alleges unconstitutional conditions at the Talbot County Detention Center, Plaintiff's deprivation of proper medical care, and harassment and assaults by Detention Center Staff. *See* Papers No. 1 and 3. With respect to the alleged unconstitutional conditions, Plaintiff asserts that there is peeling paint in the shower and cells, the housing unit is dirty, the food is poor, sinks and toilets don't work, some of the bunks are "in a bad way," there is no hot water, and lights burn out and are not replaced. Paper No. 1. Regarding his medical care, Plaintiff alleges that he suffers from serious physical and mental health problems including seizures and heart, kidney and bladder problems. Paper No. 3. He claims that he was given pills for his seizures three times a day that caused him to break out in sores all over his body and caused itching and difficulty breathing. *Id.* He further claims that when he complained about the side effects to

medical staff they lied to him and said his conditions were not caused by the medications provided. *Id*. Finally, Plaintiff claims that Correctional Officer Burnett used unnecessary force against him when he grabbed him and pushed him into his cell, and that Sergeant Johnson threatened to assault or kill him.  Paper No. 1.  He further claims that Johnson wrote two false disciplinary tickets against him.  *Id*.

Defendants assert that Plaintiff habitually files numerous complaints that contain "obvious fabrications, exaggerations or just plain nonsense."  Paper No. 25 at Ex. 1.  Defendants describe the litany of complaints filed by Plaintiff as including claims that: inmates are making loud noises; correctional officers are smoking crack at his apartment; clothes were missing from his laundry; and he needs adult briefs.  *Id*.  They further assert that there is no medical evidence that Plaintiff suffers from seizures or heart problems.  *Id*.  Defendants state that Plaintiff's actual medical conditions are being appropriately treated by medical staff.  *Id*.  Specifically, Defendants assert that Plaintiff is seen twice a day by medical staff and that he routinely refuses to take medication prescribed, then complains he is being ignored.  *Id*.

## Standard of Review

### Motion to Dismiss

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  *See Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997).  Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The court, however, need not accept unsupported legal

allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), or conclusory factual allegations devoid of any reference to actual events.  *See United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Motion for Summary Judgment

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact.  Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998).  A party who bears the burden of proof on a particular claim must factually support each element of his or her claim.  "[A] complete failure of proof concerning an essential element . . . necessarily renders all other  facts immaterial."  *Celotex*, 477 U.S. at 323.  Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment

with an affidavit or other similar evidence. *See Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324.  However, "'a mere scintilla of evidence is not enough to create a fact issue.'"   *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

**Analysis**

Conditions Claim

The constitutional protections afforded a pre-trial detainee as provided by the Fourteenth Amendment are co-extensive with those provided by the Eighth Amendment.  *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979).   "Due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner."  *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992) *citing Martin v. Gentile*, 849 F. 2d 863, 870 (4th Cir. 1988).  *See also Riley v. Dorton*, 115 F. 3d 1159, 1167 (4th Cir. 1997) (pre-trial detainee's Fourteenth Amendment right with respect to excessive force is similar to prisoner's Eighth Amendment right, and both require

4

more than *de minimus* injury to state a claim).

Because due process proscribes punishment of a detainee before proper adjudication of guilt, the inquiry with respect to the conditions alleged is whether or not those conditions amount to punishment of the detainee. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  "[N]ot every inconvenience that is encountered during pre-trial detention amounts to 'punishment' in the constitutional sense." *Martin v. Gentile*, 849 F. 2d 863, 870 (4th Cir. 1988).  A particular restriction or condition of confinement amounts to unconstitutional punishment in violation of the Fourteenth Amendment if it is imposed by prison officials with the express intent to punish or it is not reasonably related to a legitimate, non-punitive goal. *See Bell*, 441 U.S. at 538– 39 (restrictions or conditions that are arbitrary or purposeless may be considered punishment).  In determining whether the challenged conditions amount to punishment, it is not the province of this Court to determine how a particular prison might be more beneficently operated; the expertise of prison officials must be given its due deference.  *See Sandin v. Conner*, 515 U.S. 472, 482 (1995).

Plaintiff's claims regarding conditions at the Detention Center do not state a constitutional claim.  He has alleged no injury and the claims he has raised at most describe mere inconveniences. In his Response in Opposition, Plaintiff has not further addressed any of the general claims raised regarding conditions at the Detention Center.  Paper No. 30.  Defendants are therefore entitled to dismissal of the claims.

Medical Claim

Deliberate indifference to the serious medical needs of a pretrial detainee is punishment sufficient to establish a substantive due process claim. *See Hill v. Nicodemus,* 979 F.2d 987 (4th Cir. 1992); *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984), *see also Estelle v. Gamble*, 429 U.S. 97,

106 (1976). To establish deliberate indifference, the treatment rendered must be so grossly incompetent or inadequate as to shock the conscience or to be intolerable to fundamental fairness. *See Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Miltier*, 896 F.2d at 851. Reckless disregard occurs when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer v. Brennan*, 511 U. S. 825, 837 (1994). "Compelling a showing of significant physical or emotional harm, or a grave risk of such harm, infuses an element of objectivity into the analysis, lest resolution of the seriousness of a deprivation devolve into an application of the subjective views of the judges deciding the question." *Strickler v. Waters*, 989 F. 2d 1375, 1379– 80 (4th Cir. 1993).

Thus, a health care provider must have actual knowledge of a serious condition, not just knowledge of the symptoms. *See Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998). Mere negligence or malpractice does not rise to a constitutional level and disagreement with recommended treatment is not a basis for finding deliberate indifference. *See Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986). Prison officials who are charged with deliberate indifference to a serious medical need must "know of and disregard the objectively serious condition, medical need, or risk of harm." *Shakka v. Smith*, 71 F. 3d 162, 166 (4th Cir. 1995).

Medical records submitted by Defendants establish that each of Plaintiff's complaints have been addressed by medical staff. Paper No. 25 at Ex. 1F through 1H. Plaintiff was placed in a medical observation cell and provided anti-seizure medication to treat his claimed seizure disorder.

Throughout his confinement in the observation cell, no seizure activity was witnessed by staff.  An EKG test was provided and when Plaintiff complained of chest pain he was prescribed nitroglycerin tablets to treat the pain.  Plaintiff does not deny refusing to take medication prescribed for him, but asserts that the medication is not the proper medication because it has caused side effects he does not like.  To the extent that Plaintiff disagrees with the choice of treatment selected by medical staff, he fails to state a claim of deliberate indifference.  To first insist on being treated for an illness, then refuse to cooperate with medical decisions made, appears to be either an attempt at self-injury or an attempt to manufacture a claim.  Defendants are entitled to summary judgment in their favor with regard to Plaintiff's medical allegations.

Plaintiff disputes Defendants' allegation that his complaints are a product of his delusions. Paper No. 30.  He claims that psychiatrists who have treated him will attest that there is nothing wrong with his mental health.  *Id*.  To the extent that Plaintiff raised a claim that his mental health problems were not being appropriately addressed by medical staff, he has now apparently abandoned that claim.

Claims Against Correctional Staff

Plaintiff claims that Officer Burnett used unnecessary force against him by grabbing his arm and pushing him into his cell.  Paper No. 1.  Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992).  The claim against Burnett does not state when the alleged force was used.  Defendants have, however, presented affidavits establishing that Plaintiff frequently engages in hostile, threatening behavior towards staff.  Paper No. 25 at Ex. 1.  Plaintiff does not deny the allegation in his Response

7

in Opposition.  Paper No. 30.  Plaintiff also does not claim he was injured or otherwise harmed as

a result of the force used.   There is no factual support for a constitutional claim with respect to

Burnett, and Defendants are entitled to summary judgment in their favor on this claim.

Plaintiff states that Sergeant Johnson threatened to assault or kill him and falsely charged

him with violating prison disciplinary rules.  Paper No. 1.  The claim regarding the verbal threat

allegedly directed at Plaintiff fails to state a constitutional claim, because verbal abuse of inmates

by guards, without more, states no claim of assault.  *See Collins v. Cundy*, 603 F.2d 825 (10th Cir.

1979); *see also Hudspeth v. Figgins*, 584 F.2d 1345 (4th Cir. 1978) (requiring action designed to

carry out threat before constitutional claim is established).   Plaintiff admits that the prison

disciplinary charges resulted in a sentence of time served and a dismissal of charges.  Paper No. 1.

To the extent that Plaintiff raises a due process claim regarding the disciplinary charges, he fails to

state a deprivation of a protected liberty interest.   First, there is no allegation that good conduct

credit was revoked as a result of the charges.  *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)

(requiring procedural due process protections when revocation of good conduct credits is at stake).

Second, Plaintiff has not alleged a significant hardship resulting from the alleged false accusations

but merely claims he was moved from one cell to another.  The touchstone for determining whether

or not a particular housing assignment within the prison invokes a liberty interest has been explained

by the Supreme Court. "[T]hese interests will be generally limited to freedom from restraint which,

while not exceeding the sentence in such an unexpected manner as to give rise to protection by the

Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the

inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483–

84 (1995).  Defendants are, therefore, entitled to summary judgment on this claim.

Plaintiff also claims that an officer at the detention center has been in his apartment smoking crack.  Paper No. 1.  He restates the claim in his Response in Opposition.  Paper No. 30.  Even liberally construed, the allegation implicates no constitutional protection to which Plaintiff is entitled.  Indeed, the claim appears to be a thinly veiled attempt by Plaintiff to advance scurrilous, unfounded accusations at a correctional officer.  That attempt must fail.  The claim will be dismissed.  *See* 28 U.S.C. § 1915(e)(2).

### Conclusion

In light of the evidence submitted and the undisputed facts of this case, this Court concludes that Defendants are entitled to judgment in their favor on all claims raised in the Complaint.  A separate Order follows.


September 7, 2006                                     /s/
                                                     _____
                                                         RICHARD D. BENNETT
                                                     UNITED STATES DISTRICT JUDGE